# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

THE WEITZ COMPANY, LLC, et al., )
)
        Plaintiffs, )
)
v. )
) No. 10-2078–CM–DJW
)
TRAVELERS PROPERTY & CASUALTY )
COMPANY OF AMERICA, )
)
        Defendant. )
)

## MEMORANDUM AND ORDER

Plaintiffs The Weitz Company, LLC ("Weitz") and American Contractors Insurance Company Risk Retention Group ("American Contractors") bring this diversity action against defendant Travelers Property Casualty Company of America ("Travelers" or "defendant"), seeking declaratory judgment related to an insurance coverage dispute, and seeking damages including attorney's fees and costs for breach of contract and bad faith failure to defend. Before the court is Defendant's Motion to Dismiss Complaint or, in the Alternative, To Require Joinder of Other Insurers (Doc. 9). For the following reasons, the court denies the motion.

    **I.**     **Factual and Procedural Background**

According to plaintiffs' complaint, Weitz, a general contractor, had a commercial general liability policy issued by American Contractors. Bryan Tomson sustained injuries in a car accident at a Weitz construction site, and brought a personal injury action against Weitz, among others, alleging that Weitz or its subcontractors tracked mud on a street and failed to act on complaints of a dangerous condition.

The complaint in this case alleges that one of the subcontractors working on the day of the accident was The Holland Corporation, which was insured by defendant Travelers. According to the complaint, Weitz is as an insured under defendant Travelers's policy with respect to liability arising out of Holland's work for Weitz, and the American Contractors's policy provides excess over that coverage. In other words, defendant Travelers's policy obligated defendant to provide "primary and non-contributing" coverage to Weitz.

According to the complaint, Weitz twice tendered notice of Tomson's claim, but Travelers failed to assume Weitz's defense. Because of this failure, American Contractors paid Weitz's defense costs. Weitz twice submitted billings of its defense costs to Travelers, but Travelers failed to pay. Weitz negotiated a settlement in the Tomson suit, of which Travelers agreed to pay half. The release and settlement entered in the Tomson case, executed August 6, 2009, released plaintiff Weitz, The Holland Corporation, and defendant Travelers, among others.

Due to defendant's failure to provide reimbursement to Weitz and/or American Contractors, plaintiffs filed the instant suit. In Count I, plaintiffs seek declaratory judgment that, under the terms of defendant's policy, defendant was obligated to defend Weitz in the underlying suit, and is obligated to pay attorney's fees and costs Weitz incurred in defending itself. Count II alleges that defendant's failure to defend was a breach of its insurance contract. Count III alleges bad faith failure to pay and/or defend.

In this motion, defendant alleges that two problems render the complaint fatally deficient. First, defendant asserts that there can only be one real party in interest, not two. Second, plaintiff failed to sue other insurers obligated under plaintiff Weitz's subcontracts and who must be joined in this action. Therefore, defendant asks the court to dismiss the complaint with leave to file an

amended complaint on behalf of the real party in interest against all implicated insurers.

**II.     Discussion**

A federal court sitting in diversity must first determine whether a particular matter is procedural or substantive; if the matter is procedural, then federal law applies, but if the matter is substantive, then the court follows the law of the state in which it sits, including its choice of law principles, to determine the applicable substantive law. *Boyd Rosene & Assocs., Inc. v. Kan. Mun. Gas Agency*, 174 F.3d 1115, 1118 (10th Cir. 1999). Defendant initially asserts that Iowa law applies to this case under Kansas's choice-of-law rules, but by way of reply agrees with plaintiff that the real-party-in-interest and joinder questions are procedural matters, governed by federal law.

The real party in interest is the party that has a substantive right that is enforceable under the applicable substantive law. *Scheufler v. Gen. Host Corp.*, 895 F. Supp. 1416, 1418 (D. Kan. 1995); *Star Mfg. Co., Inc. v. Mancuso*, 680 F. Supp. 1496, 1497–98 (D. Kan. 1988). But Federal Rule 17 governs the name in which a subrogated insurer may sue. *Gas Serv. Co. v. Hunt*, 183 F.2d 417, 419 (10th Cir. 1950) ("the person in whose name the action may be prosecuted for the enforcement of the substantive right is procedural, not substantive."); *see also Pub. Serv. Co. of Okl. v. Black & Veatch*, 467 F.2d 1143, 1145 (10th Cir. 1972) (declining to overrule *Hunt*). The question of joinder is also a matter of federal procedure. *Doyle*, 93 F.R.D. at 537 (citing, *e.g.*, *Hunt*, 183 F.2d at 417).

**A.     Real Party in Interest**

Rule 17 of the Federal Rules of Civil Procedure requires that an action must be prosecuted in the name of the real party in interest. Failure to do so merits dismissal of the case. However, the rule provides that a court:

> "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder,

or substitution, the action proceeds as if it had been originally commenced by the real party in interest."

Fed. R. Civ. P. 17. The purpose of Rule 17(a) is to ensure that the person who brings an action is entitled to enforce the right, thus protecting defendant from subsequent suits by a party actually entitled to recover. *Audiotext Commc'ns Network, Inc. v. US Telecom, Inc.*, 912 F. Supp. 469, 477 (D. Kan. 1995) (citing 6A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1543 (1971)).

Defendant argues that plaintiffs cannot both be real parties in interest.[1] The right to sue defendant belongs either to Weitz alone (if American Contractors did not pay the entire loss at issue) or to American Contractors alone (if it paid the entire loss), but not to both. Defendant faults plaintiffs' complaint for failing to allege whether American Contractors paid the entire loss, and asks this court to dismiss the complaint with leave to amend or to order a more definite statement.

In their response, plaintiffs clarify that, although American Contractors paid the defense costs for Weitz, its insured, Weitz was obligated to reimburse American Contractors pursuant to a funded deductible of $250,000. Because this deductible amount is more than the amount of damages incurred, Weitz ultimately bore the loss for defense costs sought as damages in Count II.

The rule in this circuit is that, if the subrogee/insurer has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name. If it has paid only part of the loss, both the insured and insurer have substantive rights which qualify them as real parties in interest. *See United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 380–81 (1949). In other words,

---

[1] Defendant notes that, under Kansas or Iowa law, if an insurer has paid his insured in full for the insured's loss and becomes subrogated to the insured's rights, the insured is neither a proper nor a necessary party. *Hayes Sight & Sound, Inc. v. ONEOK, Inc.*, 136 P.3d 428, 439 (Kan. 2006); *Krapfl v. Farm Bureau Mut. Ins. Co.*, 548 N.W.2d 877, 879 (Iowa 1996) (quoting *United Sec. Ins. Co. v. Johnson*, 278 N.W.2d 29, 30–31 (Iowa 1979)). On the other hand, an insurer that is only partially subrogated to its insured's rights against another is not the real party in interest. *Id.*

-4-

where an insured has been reimbursed by the insurer for only part of loss, both the insured and insurer own portions of the substantive right against the wrongdoer. In an action for the entire loss, the insured and insurer should appear in their own names, and though either may institute the action, the other party should be joined. *Kan. Elec. Power Co. of Leavenworth, Kan. v. Janis*, 194 F.2d 942, 944 (10th Cir. 1952).

In a situation where the insurance policy contains a deductible amount that must be paid by the insured, the respective rights of the parties parallel those where there has been a partial assignment. *See Pub. Serv. Co. of Okl.*, 467 F.2d at 1145.

Although the complaint could have contained more specificity concerning damages, the absence of such information does not render the complaint defective and the court denies defendant's request for dismissal on that ground. And, based on the information before the court, the court finds no basis, at this point, for concluding that either plaintiff is not a real party in interest. If a real-party-in-interest problem arises at some later stage in the litigation, the court will revisit the issue upon motion. To that extent, this portion of defendant's motion is denied without prejudice.

**B.     Joinder of Insurers**

Defendant asks the court to either dismiss plaintiffs' complaint for failure to join other insurers as necessary parties, Fed. R. Civ. P. 12(b)(7), 19; and/or to require joinder of these parties. Fed. R. Civ. P. 21. In support, defendant argues that, if American Contractors is the sole plaintiff, then all the insurers of Weitz's other subcontractors should be joined to determine proportional shares. If Weitz is the sole plaintiff, then American Contractors should be realigned as a defendant, (presumably along with other implicated insurers) because American Contractors would be "more (or at least equally) responsible for breach of contract and bad faith if it agreed to defend but failed to pay Weitz's entire claim." (Doc. 10, at 9.) In light of the discussion above regarding the real

party in interest, the court denies as moot the request to realign American Contractors as defendant.

Rule 19 requires the joinder of any party who is "subject to service of process and whose joinder will not deprive the court of subject matter jurisdiction" if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19. Rule 21 permits the court, on motion or on its own, to add or drop a party at any time, on just terms. Fed. R. Civ. P. 21.

It appears to this court that defendant misapprehends plaintiffs' position. Although it is undisputed that defendant's policyholder, Holland, was not the only subcontractor on the construction site, the complaint alleges that defendant's policy with Holland obligated defendant to provide primary coverage to Weitz, and that defendant is responsible for 100 percent of the damages sought. Assuming the truth of the facts alleged in the complaint, there are no "proportional shares" to be sought from other subcontractors or their insurers. To succeed in this declaratory judgment action and to obtain the relief sought on its claims, plaintiffs must establish that defendant was contractually obligated to provide primary coverage and defense, and is liable for the entire amount sought. Here, defendant fails to establish that joinder of "all potentially implicated insurers" would be either necessary or desirable.

However, if defendant believes that other insurers share an obligation to Weitz, then defendant may seek to pursue those insurers by way of third-party claims. Contrary to defendant's assertion, the court does not find that declining to add other insurers as parties to plaintiffs' action would offend Rule 1 of the Federal Rules of Civil Procedure. Plaintiffs' theory of the case, apparently, is that the obligation lies solely with defendant. The court will not require joinder of otherwise unneccessary and undesirable parties solely because filing third-party claims would slow the progress of the case. To this extent, defendant's motion is denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Complaint or, in the

Alternative, To Require Joinder of Other Insurers (Doc. 9) is denied as set out in this Memorandum and Order.

Dated this 15th day of June 2010, at Kansas City, Kansas.

>**s/ Carlos Murguia**
>**CARLOS MURGUIA**
>**United States District Judge**